United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **AKOBIR HAYDARKULOV,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:26-cv-016 |
| | § | |
| **KRISTI NOEM**, *et al.*, | § | |
| Respondents, | § | |

**ORDER**

Before the Court is Petitioner Akobir Haydarkulov's "Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Temporary Restraining Order and Declaratory Injunctive Relief" (Haydarkulov's "§ 2241 Petition"). Dkt. No. 1. Haydarkulov, a citizen of Uzbekistan, claims that his detention violates the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the Fourth Amendment. *Id.* at 1, 9–17.

It does not plainly appear from the § 2241 Petition that Haydarkulov is not entitled to the requested relief. Haydarkulov's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate

custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923, 2018 WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then, notes that the proper respondent is the custodial officer of the facility where Haydarkulov is detained. *See Rumsfeld*, 542 U.S. at 435.

Here, Haydarkulov is held at Port Isabel Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. Dkt. No. 1 at 3. Haydarkulov's custodian then, would appear to be the warden of PIDC, Miguel Vergara. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"). *Bonitto v. Bureau of Immigration and Customs Enforcement*, 547 F.Supp.2d 747, 749, 751 (S.D. Tex. 2008) (Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center, not Immigration and Customs Enforcement); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner); *Salmon v. Bureau of Immigration and Customs*

*Enforcement*, 1:08-cv-003, 2008 WL 11395491 at *1–2 (S.D. Tex. 2008) (Recio, J.) (Report and Recommendation adopted by Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center where petitioner was detained).

It is **ORDERED** that Vergara has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. If Haydarkulov chooses to file a reply to Vergara's response, he must do so within **15 days** of receiving Vergara's response.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Miguel Vergara as the respondent, and to terminate all other listed respondents. If Vergara is no longer the warden for PIDC, the Government shall inform the Court of who is the proper respondent.

**SIGNED** on this **23rd** day of **January, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**